1  XAVIER BECERRA, State Bar No. 118517
Attorney General of California
2  MOLLY K. MOSLEY, State Bar No. 185483
Supervising Deputy Attorney General
3  MICHAEL SAPOZNIKOW, State Bar No. 242640
GINA TOMASELLI, State Bar No. 267090
4  Deputy Attorneys General
 1300 I Street, Suite 125
5  P.O. Box 944255
 Sacramento, CA 94244-2550
6  Telephone: (916) 210-7344
 Fax: (916) 323-7095
7  E-mail: Michael.Sapoznikow@doj.ca.gov
*Attorneys for Defendant Nicolas Maduros,*
8  *Director, California Department of Tax & Fee*
*Administration*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13  **ONLINE MERCHANTS GUILD,** | **2:20-cv-01952-MCE-DB** |
| 14                              Plaintiff, | **DEFENDANT'S NOTICE OF MOTION** |
| 15          **v.** | **AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND** |
| 16 | **AUTHORITIES IN SUPPORT THEREOF** |
| 17  **NICOLAS MADUROS, DIRECTOR, CALIFORNIA DEPARTMENT OF TAX** | Hearing Date: March 25, 2021 |
| 18  **& FEE ADMINISTRATION,** | Time:          2:00 p.m. |
| | Courtroom:    7 |
| 19                              Defendant. | Judge:         The Honorable Morrison |
| | C. England, Jr. |
| 20 | Trial Date:    Not Set |
| | Action Filed:  September 29, 2020 |

21

22

23  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

24          PLEASE TAKE NOTICE THAT, on Thursday, March 25, 2021, at 2:00 p.m., or as

25  soon thereafter as this matter may be heard, in Courtroom 7 of the Robert T. Matsui

26  United States Courthouse located at 501 I Street, Sacramento, California, 95814, before

27  the Honorable Morrison C. England, Jr., Senior United States District Judge of the

28  United States District Court for the Eastern District of California, defendant Nicolas

1   Maduros, Director of the California Department of Tax and Fee Administration, shall and

2   hereby does move this Court to dismiss the complaint for lack of subject-matter

3   jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a

4   claim upon which relief can be granted pursuant to Rule 12(b)(6).

5          The basis for this motion is that the Court lacks subject-matter jurisdiction or

6   should not exercise jurisdiction over this case pursuant to (i) the Tax Injunction Act, 28

7   U.S.C. § 1341, (ii) the principle of comity, and (iii) the principle of abstention.

8          This Motion is supported by the attached Memorandum of Points and Authorities,

9   defendant's request for judicial notice and such other matters of which this Court may

10  take judicial notice, all pleadings, records, and papers on file in this action, and upon

11  such other evidence and oral argument as may be considered by this Court before or at

12  the hearing on this Motion.

13  Dated:  December 18, 2020                    Respectfully Submitted,

14                                              XAVIER BECERRA
                                                Attorney General of California
15                                              MOLLY K. MOSLEY
                                                Supervising Deputy Attorney General
16

17

18                                              */s/ Michael Sapoznikow*

19                                              MICHAEL SAPOZNIKOW
                                                GINA TOMASELLI
20                                              Deputy Attorney General
                                                *Attorneys for Defendant Nicolas*
21                                              *Maduros, Director, California*
                                                *Department of Tax and Fee*
22                                              *Administration*

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3

Introduction ............................................................................................................. 1

4

Summary of Plaintiff's Allegations and Relevant California Law ....................................... 2

Standard ................................................................................................................. 4

5

Argument ............................................................................................................... 5

6

      I.     The Court Lacks Subject-Matter Jurisdiction ............................................... 5

7

              A.     The Court Lacks Jurisdiction Pursuant to the
Tax Injunction Act ........................................................................ 5

8

              B.     The Principle of Comity Divests This Court of Jurisdiction ............. 9

9

      II.    This Court Should Abstain from Addressing Complex State Tax Law
Issues Where Plaintiff Has Not Followed California's Mandatory
Procedures for Bringing Such Claims to Court ......................................... 10

10

Conclusion ............................................................................................................. 13

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

Page

3

CASES

4

*Barclays Bank Int'l Ltd. v. Franchise Tax Bd.*
5
   14 Cal.Rptr.2d 537 (1992) ............................................................... 8

6
*Burford v. Sun Oil Co.*
   319 U.S. 315 (1943) ..................................................................... 11

7

8
*California v. Grace Brethren Church*
   457 U.S. 393 (1982) ...................................................................... 6

9
*Capitol Indus.-EMI, Inc. v. Bennett*
   681 F.2d 1107 (9th Cir. 1982) ....................................................... 7
10

11
*Dillon v. Montana*
   634 F.2d 463 (9th Cir. 1980) ........................................................ 6

12

13
*Duffy v. State Bd. of Equalization*
   199 Cal.Rptr. 886 (1984) ............................................................... 8

14
*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*
   454 U.S. 100 (1981) ...................................................................... 9
15

16
*Franchise Tax Bd. v. Alcan Aluminum*
   493 U.S. 331 (1989) .................................................................. 7, 8

17
*Hibbs v. Winn*
   542 U.S. 88 (2004) ....................................................................... 7
18

19
*Jerron West, Inc. v. State of Cal. State Bd. of Equalization*
   129 F.3d 1334 (9th Cir. 1997) ........................................... 5, 6, 7, 9
20

21
*Jimmy Swaggart Ministries v. Bd. of Equalization*
   250 Cal.Rptr. 891 (1988) ............................................................... 8

22

23
*Knudsen Corp. v. Nev. State Dairy Comm'n*
   676 F.2d 374 (9th Cir. 1982) .................................................. 11, 12

24
*Leite v. Crane Co.*
   749 F.3d 1117 (9th Cir. 2014) ....................................................... 4
25

26
*Levin v. Commerce Energy, Inc.*
   560 U.S. 413 (2010) .................................................................. 9, 10

27
*Loeffler v. Target Corp.*
   58 Cal.4th 1081 (2014) ........................................... 2, 10, 11, 12
28

ii

1

## TABLE OF AUTHORITIES
### (continued)

2
Page

3

*Mercedes–Benz of N. America, Inc. v. State Bd. of Equalization*
    127 Cal.App.3d 871 (1982) ........................................................................ 8

4

5

*Moe v. Confederated Salish & Kootenai Tribes*
    425 U.S. 463 (1976) ................................................................................... 5

6

*R.R. Comm'n v. Pullman Co.*
    312 U.S. 496 (1941) ............................................................................ 11, 12

7

8

*Rosewell v. La Salle Nat'l Bank*
    450 U.S. 503 (1981) ................................................................................ 6, 7

9

10

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ................................................................... 4

11

*South Dakota v. Wayfair, Inc.*
    138 S.Ct. 2080 (2018) ............................................................................... 3

12

13

*Tully v. Griffin, Inc.*
    429 U.S. 68 (1976) ..................................................................................... 5

14

15

*United Gas Pipe Line Co. v. Whitman*
    595 F.2d 323 (5th Cir. 1979) ..................................................................... 5

16

17

*Wood v. Sargeant*
    694 F.2d 1159 (9th Cir. 1982) ................................................................... 8

18

*Woosley v. State of California*
    3 Cal.4th 758 (1992) .................................................................................. 7

19

20

**CONSTITUTIONAL PROVISIONS**

21

Cal. Const. Article XIII
    § 32 ..................................................................................................... 4, 12

22

**STATUTES**

23

28 U.S.C.
    § 1341 ............................................................................................... 5, 6, 8

24

25

California Civil Code
    § 1656.1 ..................................................................................................... 2

26

27

California Government Code
    § 15570.22 ............................................................................................... 10
    §§ 15670-15680 ................................................................................. 7, 10

28

# TABLE OF AUTHORITIES
### (continued)

                                                                                        **Page**

California Revenue and Taxation Code
    § 6015 .......................................................................................................... 11
    § 6051 ............................................................................................................ 2
    § 6203 ............................................................................................................ 3
    § 6561 ............................................................................................................ 7
    § 6901 ................................................................................................... *passim*
    § 6901.5 ......................................................................................................... 2
    § 6904 ............................................................................................................ 7
    § 6931-6933 ....................................................................................... 6, 7, 11, 12
    § 6932 ............................................................................................................ 4
    § 6933 ........................................................................................................ 4, 8
    § 6937 ............................................................................................................ 8

Session Laws
    California Statutes 2017, Chapter 16, § 5 ................................................... 10
    California Statutes 2019, Chapter 5, §§ 1, 2, 3 ............................................. 3
    California Statutes 2019, Chapter 34, § 5 ..................................................... 3

RULES

Federal Rules of Civil Procedure
    Rule 12(b)(1) ............................................................................................ 2, 4
    Rule 12(b)(6) ............................................................................................ 2, 4

REGULATIONS

California Code of Regulations, Title 18
    § 1700 ............................................................................................................ 2
    §§ 35000-35067 ...................................................................................... 6, 11

1

**INTRODUCTION**

2         Amazon is not only the world's largest online retailer, it is also the world's largest

3  online marketplace facilitator for smaller retailers. Millions of sellers participate in the

4  "Fulfilled by Amazon" (FBA) program that allows them to sell their goods on

5  Amazon.com. Goods sold by FBA merchants are displayed in Amazon.com search

6  results alongside Amazon's own wares, and once purchased, the goods are delivered to

7  customers by Amazon. The FBA arrangement raises the question of who is the "retailer"

8  under state sales and use tax statutes. In 2019, the California Legislature passed a law

9  requiring marketplace facilitators like Amazon to collect and remit sales and use tax, but

10  before 2019, each individual FBA merchant was responsible for remitting the tax.

11        Plaintiff Online Merchants Guild, a trade association for online merchants, asks this

12  Court to rule that California's pre-2019 sales and use tax policy violated the United

13  States Constitution. Plaintiff also contests California's personal jurisdiction over some

14  FBA merchants. This Court, however, lacks subject-matter jurisdiction to rule on these

15  issues. The Tax Injunction Act, 28 U.S.C. § 1341, divests this Court of jurisdiction over

16  any action that threatens to interfere with the assessment or collection of state taxes,

17  unless plaintiffs are without a plain, speedy, and efficient remedy in the state courts.

18  Each of the FBA merchants has a plain, speedy, and efficient remedy: a taxpayer refund

19  suit in state court. It does not matter that plaintiff's claims are based on federal law

20  including the United States Constitution; state courts are well-equipped to handle federal

21  issues.

22        The principle of comity likewise divests this Court of subject-matter jurisdiction over

23  any case that might risk disrupting the administration of a state's tax system. And even if

24  this Court did have jurisdiction to hear this case, it should not: the principle of abstention

25  counsels against exercising jurisdiction over a matter that may intrude upon a state's

26  enforcement of its tax laws.

27

28

1   Plaintiff's claims belong in state court. Defendant respectfully requests that this

2   Court dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

3   of Civil Procedure.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS
### AND RELEVANT CALIFORNIA LAW

6   This section is based on plaintiff's complaint and California law.

7   Amazon contracts with millions of FBA merchants, hundreds of whom are

8   members of plaintiff Online Merchants Guild. (Complaint ¶¶ 15, 16 and fn. 8.)[1] FBA

9   merchants identify and source goods to be sold on Amazon.com. (*Id.* ¶ 16.) For each

10  listing, the FBA merchant identifies the product and its sales price, and ships the goods

11  to an Amazon warehouse. (*Id.* at ¶¶ 17-18.) Amazon may transfer the goods to other

12  Amazon warehouses, and it may break up lots and separate the goods for positioning in

13  different locations across the country. (*Ibid.*) Generally, FBA merchants do not control

14  where their products are stored by Amazon. (*Id.* ¶ 23.) When a customer places an

15  order, Amazon selects the warehouse from which it will draw the product, and Amazon

16  packs and ships the product to the customer. (Complaint ¶ 19.) In some circumstances,

17  Amazon will fulfill a sale from one FBA merchant's listing using identical goods that were

18  provided by a different FBA merchant if doing so lowers costs. (Complaint ¶ 40.)

19  When a customer places an order for an FBA product, Amazon collects payment

20  from the customer, credits the FBA merchant's account, and debits Amazon's fees.

21  (*Id.* ¶ 19.) Before 2019, Amazon offered FBA merchants a tax calculation service—under

22  a separate agreement and for a separate fee—whereby Amazon would calculate and

23  collect sales tax reimbursement from customers and forward those amounts to FBA

24  merchants. (Complaint Exhibit 4 at p. 5.)[2] But Amazon did not remit the sales tax to the

---

[1] The complaint does not distinguish between Amazon.com, Inc., and its affiliates.
[2] The California sales tax is a tax on retailers for the privilege of doing business in the state. Cal. Rev. & Tax. Code § 6051. The taxpayer is the retailer, not the consumer. *Loeffler v. Target Corp.*, 58 Cal.4th 1081, 1104 (2014). Retailers must pay sales tax; consumers may be (but are not necessarily) charged "sales tax reimbursement" by retailers to cover the cost of the sales tax. *Id.* at 1103, 1117; Cal. Civ. Code § 1656.1; Cal. Rev. & Tax Code § 6901.5; Cal. Code Regs. tit. 18, § 1700.

2

1  state. Rather, the FBA merchants were responsible for reporting and remitting sales and
2  use taxes to state tax authorities. (*Ibid.*)

3      In 2019, California enacted the Marketplace Facilitator Act, which amended the
4  California Revenue and Taxation Code effective October 1, 2019 to require marketplace
5  facilitators like Amazon to pay the sales tax on sales that they facilitate. Cal. Rev. & Tax.
6  Code §§ 6042 and 6043, added by Cal. Stat. 2019, ch. 5, § 2 (AB 147). Amazon is now
7  paying sales tax pursuant to the Act. (Complaint ¶ 35.) But the Act does not state that it
8  is retroactive, Cal. Stat. 2019, ch. 5, and the California Department of Tax and Fee
9  Administration (Department) is continuing to assess and collect state sales and use
10  taxes from FBA merchants for transactions that took place before the Marketplace
11  Facilitator Act took effect. (Complaint ¶¶ 35-36.)

12      The Marketplace Facilitator Act altered the standards for jurisdiction over retailers
13  who make California sales in response to *South Dakota v. Wayfair, Inc.*, 138 S.Ct. 2080
14  (2018). Cal. Stat. 2019, ch. 5, §§ 1, 3. After a subsequent amendment, Cal. Stat. 2019,
15  ch. 34, § 5, California law currently allows the state to exercise jurisdiction over any
16  retailer that stores inventory in a warehouse or other storage place in the state, Cal. Rev.
17  & Tax. Code § 6203(c)(1), as well as any retailer that has total combined California sales
18  exceeding $500,000, § 6203(c)(4). Plaintiff alleges that the Department takes the
19  position that FBA merchants use Amazon's California fulfillment center to store their
20  inventory prior to California sales, and that California therefore has jurisdiction pursuant
21  to California Revenue and Taxation Code section 6203(c)(1) over every FBA merchant
22  that makes sales in California, regardless of their total combined California sales in any
23  calendar year. (Complaint §§ 37-38.)

24      Plaintiff alleges that California violates federal law by (i) continuing to assess and
25  collect sales and use tax from FBA merchants for transactions that occurred before the
26  Marketplace Facilitator Act took effect (Complaint, counts 3, 4, 5, 6, 7, 8), and
27  (ii) exercising jurisdiction over all FBA merchants with California sales, regardless of their
28  total combined California sales in any calendar year (*id.*, counts 1, 2, 3, 4). Plaintiff also

3

challenges California's "pay first, litigate later" rule (*id.*, count 9; *see* Cal. Const. art. XIII, § 32; Cal. Rev. & Tax. Code §§ 6932, 6933) and contends that the tax laws of California are impermissibly vague (Complaint, count 10).

## STANDARD

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may be "facial" if it is based solely on the complaint, its exhibits, and materials that are judicially noticed, or it may be "factual" if it is based on evidence outside the pleadings. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, defendant's challenge to subject matter jurisdiction is "facial," and the Court should therefore use a common approach in resolving defendant's challenges under Rules 12(b)(1) and 12(b)(6): After accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court should determine whether the allegations are sufficient as a matter of law. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In making this determination, the plaintiff's legal conclusions are not entitled to an assumption of truth, nor will mere recitals of the elements of a cause of action, supported only by conclusory statements, suffice to state a claim on which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Moreover, factual allegations in a complaint may only be considered if they allege a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-570 (2007). The plaintiff must allege more than the mere possibility of misconduct—the complaint must include facts sufficient to cross the line from conceivable to plausible. *Ibid.*

1

**ARGUMENT**

2

**I.   THE COURT LACKS SUBJECT-MATTER JURISDICTION**

3

  **A.   The Court Lacks Jurisdiction Pursuant to the Tax Injunction Act**

4

The Tax Injunction Act divests the district courts of subject-matter jurisdiction over

5

any action that threatens to interfere with the assessment or collection of state taxes,

6

unless plaintiffs are without a plain, speedy, and efficient remedy in the state courts:

7
8

>  The district courts shall not enjoin, suspend or restrain the assessment, levy
>  or collection of any tax under State law where a plain, speedy and efficient
>  remedy may be had in the courts of such State.

9

28 U.S.C. § 1341.

10

The Tax Injunction Act is intended as "a broad jurisdictional impediment to federal

11

court interference with the administration of state tax systems." *United Gas Pipe Line Co.*

12

*v. Whitman*, 595 F.2d 323, 325-326 (5th Cir. 1979) (*quoting Moe v. Confederated Salish*

13

*& Kootenai Tribes*, 425 U.S. 463, 470 (1976)). The act "has its roots in equity practice, in

14

principles of federalism, and in recognition of the imperative need of a State to

15

administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976). "Its

16

primary purpose is to prevent federal court intrusion into state tax collection, an area

17

which deserves the utmost comity to state law and procedure." *Jerron West, Inc. v. State*

18

*of Cal. State Bd. of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997).

19

Despite its title, the Tax Injunction Act is not limited to injunctions. It also bars any

20

declaratory relief, damages, or refunds in state tax matters because those forms of relief

21

may also interfere with the collection of state taxes. *Jerron West,* 129 F.3d at 1338. And

22

there is no exception to the Tax Injunction Act for challenges to state taxes based on the

23

United States Constitution or other federal law. *Ibid.* The *Jerron West* plaintiffs

24

challenged a California sales tax determination based on federal law, including the

25

Fourth and Fifth Amendments to the United States Constitution. *Id.* at 1336. The Ninth

26

Circuit held that the plaintiffs' claims were barred by the Tax Injunction Act, *id.* at 1337-

27

1338, and that the state court was the appropriate forum for the plaintiffs' federal

28

arguments, *id.* at 1339.

In this case, plaintiff seeks an injunction, declaratory relief, and damages that would have the practical effect of stopping the Department from assessing and collecting taxes from certain FBA merchants. (Complaint, Prayer for Relief items (a), (b), and (d).) Specifically, plaintiff asks this Court to require the Department to collect sales and use taxes from Amazon instead of FBA merchants (*id.*, counts 3, 4, 5, 6, 7, 8) and to cease requiring any FBA merchants with less than $500,000 in California sales to register, report, and pay tax on their sales (*id.*, counts 1, 2, 3, 4). If plaintiff achieves its goals, the Department will no longer be able to assess and collect any sales and use tax from FBA merchants for sales that occurred before the Marketplace Facilitator Act took effect, and it will not be able to pursue sales and use tax in the future from FBA merchants with less than $500,000 in California sales. These are exactly the kinds of intrusions into state sales and use tax collection that the Tax Injunction Act was intended to prevent. *Jerron West,* 129 F.3d at 1338.

This Court therefore lacks jurisdiction as long as "a plain, speedy and efficient remedy may be had in the courts of" California. 28 U.S.C. § 1341. The exception for states that lack a plain, speedy, and efficient remedy must be construed narrowly. *California v. Grace Brethren Church*, 457 U.S. 393, 413 (1982) ("In order to accommodate these concerns and be faithful to the congressional intent 'to limit drastically' federal-court interference with state tax systems, we must construe narrowly the 'plain, speedy and efficient' exception."). The Tax Injunction Act only requires that the state court remedy meet certain "minimal procedural criteria" and not any specific substantive requirements. *Rosewell v. La Salle Nat'l Bank,* 450 U.S. 503, 512-513 (1981).  It is sufficient that a state's courts are "empowered to consider claims that a tax is unlawful and to issue adequate relief." *Dillon v. Montana*, 634 F.2d 463, 467 (9th Cir. 1980).

California offers a plain, speedy, and efficient remedy: a taxpayer refund suit filed in one of the California superior courts, following payment of the assessed tax and exhaustion of administrative remedies. Cal. Rev. & Tax. Code §§ 6901, 6931-6933; Cal.

Code Regs. tit. 18, §§ 35000-35067. A taxpayer may, before paying the tax, petition for redetermination by the Department. Cal. Rev. & Tax. Code § 6561. The Department's decision on a petition for redetermination may be appealed to the Office of Tax Appeals, an independent agency dedicated solely to the adjudication of tax disputes. Cal. Gov. Code §§ 15670-15680. If a taxpayer desires to proceed more quickly to court, they may immediately pay the assessed tax and proceed with an administrative claim for refund, followed by a suit for refund in one of the California superior courts. Cal. Rev. & Tax. Code §§ 6901, 6931-6933. A group of taxpayers may pursue refunds together in a class action. Cal. Rev. & Tax. Code § 6904; *Woosley v. State of California*, 3 Cal.4th 758 (1992).[3]

The United States Supreme Court and the Ninth Circuit have concluded that California's taxpayer refund remedy "is generally a 'plain, speedy and efficient' remedy under" the Tax Injunction Act. *Jerron West*, 129 F.3d at 1339 (discussing sales tax refund procedures) (citing *Franchise Tax Bd. v. Alcan Aluminum*, 493 U.S. 331, 338 (1989) [discussing income tax refund procedures] and *Capitol Indus.-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1113-14 (9th Cir. 1982) [discussing income tax refund procedures].) The courts have specifically approved of California's policy of requiring taxpayers to first pay the tax, and then seek a refund. *Jerron West*, 129 F.3d at 1339; *see also Hibbs v. Winn*, 542 U.S. 88, 103, 107-108 (2004) (Congress intended post-payment refund suits to satisfy the Tax Injunction Act's plain, speedy, and efficient remedy requirement); *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. at 523 (same). In a refund action, a California superior court "can review taxpayers' arguments and evidence regarding the allegedly unconstitutional and erroneous tax assessment." *Jerron West*, 129 F.3d at 1339-1340.[4] *Jerron West* is dispositive: the state tax issues raised in plaintiff's complaint cannot be litigated in this Court.

---

[3] California's taxpayer refund procedures for sales and use taxes are summarized at https://www.cdtfa.ca.gov/formspubs/pub17.pdf, https://www.cdtfa.ca.gov/formspubs/pub117/ and https://ota.ca.gov/faqs/.

[4] *Jerron West* cites three examples of California state court decisions that

---

7

1       It is of no import that plaintiff Online Merchants Guild is not a taxpayer and

2   therefore cannot avail itself of California's taxpayer refund remedy. Cal. Rev. & Tax.

3   Code § 6937 ("A judgment shall not be rendered in favor of the plaintiff in any action…

4   brought by or in the name of an assignee of the person paying the amount or by any

5   person other than the person who paid the amount."). The Tax Injunction Act applies

6   whenever a state tax *claim* has a plain, speedy, and efficient remedy in state court, but it

7   does not guarantee every potential *plaintiff* a remedy. *Alcan Aluminum*, 493 U.S. at 338-

8   339 (California's taxpayer refund procedures constitute a plain, speedy, and efficient

9   remedy even though only the "actual taxpayer" may seek a refund). In this case, the FBA

10   merchants, i.e. the taxpayers, have a remedy. Every California sales and use tax

11   assessment could be the subject of an administrative claim for refund, Cal. Rev. & Tax.

12   Code § 6901, and then a suit for refund in a California superior court, Cal. Rev. & Tax.

13   Code § 6933. The fact that the taxpayer must pursue the remedy directly does not

14   detract from the fact that California offers a remedy for every potential *claim* that the

15   state has unlawfully assessed sales and use tax. Moreover, refund proceedings that

16   ostensibly relate only to a single taxpayer may establish influential precedents for other

17   similarly situated taxpayers. *See California v. Grace Brethren Church*, 457 U. S. at pp.

18   416-17 ("If the employer ultimately prevails on his constitutional argument, the state

19   taxing authorities can be expected to respect that court's holding in future administrative

20   proceedings.")

21       Online Merchants Guild asserts that some retailers are unable to pay the taxes that

22   have been assessed against them. (Complaint ¶¶ 48-56.) "[I]nability to pay the tax does

23   not avoid the jurisdictional bar of [28 U.S.C.] § 1341." *Wood v. Sargeant*, 694 F.2d 1159

---

24   addressed issues arising from the United States Constitution: *Barclays Bank Int'l Ltd. v.
*
25   *Franchise Tax Bd.*, 14 Cal.Rptr.2d 537, 540, 10 Cal.App.4th 1742, 1749 (1992); *Jimmy
Swaggart Ministries v. Bd. of Equalization*, 250 Cal.Rptr. 891, 906, 204 Cal.App.3d 1269,
1291 (1988); and *Duffy v. State Bd. of Equalization*, 199 Cal.Rptr. 886, 889, 152

26   Cal.App.3d 1156, 1163 (1984). And in *Alcan Aluminum*, the Supreme Court recognized
that the courts of California are equipped to address constitutional issues. 493 U.S. 340-

27   341 (citing *Mercedes–Benz of N. America, Inc. v. State Bd. of Equalization*, 127
Cal.App.3d 871, 874 (1982), as an example of a California court resolving an issue

28   arising from the United States Constitution).

(9th Cir. 1982) (holding that California's payroll taxpayer refund procedures provide a plain, speedy and efficient remedy). The right way—and only way—for plaintiff's claims to be adjudicated is through a taxpayer refund action in a California state court.

### B.    The Principle of Comity Divests This Court of Jurisdiction

This Court lacks subject-matter jurisdiction for a second reason: the principle of comity. Congress enacted the Tax Injunction Act based on considerations of comity, *Jerron West*, 129 F.3d 1334 at 1338, but the principle of comity is older and broader, *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417, 425-426 (2010). It bars actions in federal courts when those actions would risk disrupting the administration of a state's tax system in general—such claims must "proceed originally in state court." *Ibid.* "More embracive than the [Tax Injunction Act], the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Ibid.* Allowing this action to proceed in federal court would substantially intrude upon and disrupt California's enforcement of its tax system, for the reasons stated in section I.A above.

In *Jerron West*, the Ninth Circuit held that "the principle of comity alone" would bar the case because granting relief "would intrude upon and disrupt a state's enforcement of its tax system." *Jerron West*, 129 F.3d at 1338. Similarly, in *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 113-116 (1981), the United States Supreme Court held that comity barred an action in federal court where the requested relief would interfere with the state's tax system. *Fair Assessment* states that restraint is "particularly appropriate because of the delicate balance between the federal authority and state governments, and the concomitant respect that should be accorded state tax laws in federal court." *Id.* at 108.

Comity is a mandatory doctrine that "precludes the exercise of original federal-court jurisdiction." *Levin*, 560 U.S. at 426. It differs from the Tax Injunction Act in that it is a "prudential doctrine" that a state could waive by voluntarily choosing to submit to a

9

1   federal forum. *Id.* at 432. But California has not voluntarily submitted adjudication of its

2   sales and use tax to the federal courts. This Court therefore lacks jurisdiction.

3   **II.   THIS COURT SHOULD ABSTAIN FROM ADDRESSING COMPLEX STATE TAX LAW
        ISSUES WHERE PLAINTIFF HAS NOT FOLLOWED CALIFORNIA'S MANDATORY**

4       **PROCEDURES FOR BRINGING SUCH CLAIMS TO COURT**

5           Plaintiff's arguments rely on the assumption that before the Marketplace

6   Facilitator Act took effect, marketplace facilitators like Amazon could have legally

7   qualified as "retailers" under California's sales and use tax statutes. The pre-enactment

8   legal status of marketplace facilitators is a complex question of state sales and use tax

9   law that this Court should abstain from addressing in the first instance. California has

10  mandated specific statutory procedures designed to allow the Department and the Office

11  of Tax Appeals to address such questions in quasi-adjudicative administrative

12  proceedings in the first instance, subject to judicial review by the superior courts of

13  California. *Loeffler v. Target Corp*, 58 Cal.4th 1081, 1100, 1103, 1123 (2014). This case

14  represents an end-run around those procedures. United States Supreme Court

15  precedent counsels in favor of abstention in situations like this.

16          The complaint alleges that before the Marketplace Facilitator Act, California

17  officials disagreed about the appropriate treatment of Amazon in FBA transactions.

18  (Complaint ¶¶ 26-32.) Specifically, the complaint alleges that the Department's

19  predecessor, the State Board of Equalization, issued an opinion letter that differed from

20  the approach advocated by the California Treasurer. (*Ibid.*) The Board of Equalization

21  opinion letter comprises twelve pages of dense technical analysis and discusses highly

22  specific details regarding the Amazon corporate entities that perform different FBA

23  services. (Complaint exhibit 4.)[5]

24          This Court should decline plaintiff's request to second-guess the opinion of an

25  expert state agency regarding the state statutes that it administers, based on both

26  _____

27  [5] The Department was established in 2017 and "is the successor to, and is vested with, all of the duties, powers, and responsibilities of the [Board of Equalization]" with respect to sales and use taxes. Cal. Gov. Code § 15570.22, added by Cal. Stat. 2017, ch. 16, § 5 (A.B. 102). The Office of Tax Appeals took on the appeal duties that were

28  previously assigned to the Board of Equalization. Cal. Gov. Code § 15670-15680.

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941). Under *Burford*, 319 U.S. at 332-334, a federal court should abstain from ruling on an essentially local issue arising out of a complicated state regulatory scheme where (1) the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; (2) federal issues cannot be separated easily from complex state law issues with respect to which state courts might have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy. *Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 376-377 (9th Cir. 1982).

All of the *Burford* factors support abstention in this case. The California Supreme Court has declared that the sales and use tax system "is exceedingly closely regulated, complex, and highly technical[,]" and there is a "comprehensive administrative scheme . . .  provided to resolve these and other tax questions and to govern disputes between the taxpayer and the Board." *Loeffler*, 58 Cal.4th at 1103. California has mandated that all "taxability" issues are committed in the first instance to administrative adjudication by the Department and the Office of Tax Appeals, and those determinations are to be reviewed by the superior courts of California. Cal. Rev. & Tax. Code §§ 6901, 6931-6933; Cal. Code Regs. tit. 18, §§ 35000-35067; *Loeffler*, 58 Cal.4th at 1100, 1103, 1123. The complaint alleges that Amazon was the "retailer" in FBA transactions for state sales and use tax purposes before the Marketplace Facilitator Act took effect. (Complaint ¶¶ 26-32.) That state-law issue is inextricably bound with plaintiff's contention that the Department must direct its tax collection efforts to Amazon rather than individual FBA merchants. The administrative agencies and courts of California have special competency in state tax matters and are better situated than this Court to interpret the term "retailer" and other key terms in the California sales and use tax statutes. See, e.g. Cal. Rev. & Tax. Code § 6015 (defining "retailer"). If this Court did not abstain, the precedent would not only have the potential to affect millions of online transactions involving Amazon and other marketplace facilitators, it could also establish the United

11

1   States District Courts as a pathway for bypassing the "comprehensive statutory scheme"

2   for adjudicating tax disputes mandated by California law. *Loeffler,* 58 Cal.4th at 1103.

3   That could generate a flood of litigation in federal courts as state taxpayers file suit

4   without following California's statutory procedures and without paying the assessment

5   first and filing a claim for refund as required by California law. Cal. Const., art. XIII, § 32;

6   Cal. Rev. & Tax. Code §§ 6901, 6931-6933.

7          This Court should also abstain based on *Pullman*, which counsels against

8   unnecessarily deciding constitutional issues. 312 U.S. at 501. Under *Pullman*, *id.* at 500-

9   501, a federal court may abstain from a case that raises a constitutional issue that might

10  be mooted or presented in a different posture by a state court determination regarding

11  state law, where (1) the complaint touches a sensitive area of social policy upon which

12  the federal courts ought not enter unless no alternative is available, (2) adjudication of

13  the constitutional issue plainly can be avoided if a definitive ruling on the state issue

14  would terminate the controversy, and (3) the proper resolution of the state law issue is in

15  doubt. *Knudsen*, 676 F.2d at 377.

16         *Pullman* abstention is proper here because a state court determination of whether

17  Amazon was a retailer in FBA transactions before the Marketplace Facilitator Act took

18  effect could moot plaintiff's claims. Plaintiff alleges that the status of Amazon in FBA

19  transactions was a source of public disagreement between California government

20  officials. (Complaint ¶¶ 26-32.) It is therefore, according to the complaint, a sensitive and

21  disputed area of social and economic policy. Plaintiff has not identified, and defendant is

22  not aware of, any California judicial decision that resolves the question of whether

23  Amazon could have been characterized as a "retailer" in FBA transactions prior to the

24  Marketplace Facilitator Act. Such a determination could—depending on the result—

25  render plaintiff's constitutional claims moot. In particular, if a state court were to hold that

26  sales and use taxes should have been assessed against Amazon instead of the FBA

27  retailers, then there would be no reason or need to reach the constitutional issues raised

28

Defendant's Motion to Dismiss (2:20-cv-01952-MCE-DB)

in plaintiff's complaint. As discussed above, the right way to raise this question in the first instance is through a taxpayer refund action in state court.

## CONCLUSION

Defendant respectfully requests that the Court dismiss the complaint without leave to amend.

Dated:  December 18, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MOLLY K. MOSLEY
Supervising Deputy Attorney General


*/s/ Michael Sapoznikow*

MICHAEL SAPOZNIKOW
GINA TOMASELLI
Deputy Attorney General
*Attorneys for Defendant Nicolas Maduros, Director, California Department of Tax & Fee Administration*

SA2020304014/34677046

13

# CERTIFICATE OF SERVICE

Case
Name:      **Online Merchants Guild v.**          No.     **2:20-cv-01952-MCE-DB**
           **Maduros**

I hereby certify that on <u>December 18, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 18, 2020</u>, at Sacramento, California.

|                |                      |
|----------------|----------------------|
| K. Vitalie     | */s/ K. Vitalie*     |
| Declarant      | Signature            |

SA2020304014
34679695