1  Xavier Becerra, State Bar No. 118517
   Attorney General of California
2  Molly K. Mosley, State Bar No. 185483
   Supervising Deputy Attorney General
3  Michael Sapoznikow, State Bar No. 242640
   Gina Tomaselli, State Bar No. 267090
4  Deputy Attorneys General
    1300 I Street, Suite 125
5    P.O. Box 944255
    Sacramento, CA 94244-2550
6    Telephone:  (916) 210-7344
    Fax:  (916) 323-7095
7    E-mail:  Michael.Sapoznikow@doj.ca.gov
   *Attorneys for Defendant Nicolas Maduros,*
8  *Director, California Department of Tax & Fee*
   *Administration*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ONLINE MERCHANTS GUILD,** | **No. 2:20-cv-01952-MCE-DB** |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION** |
| **v.** | |
| **NICOLAS MADUROS, DIRECTOR, CALIFORNIA DEPARTMENT OF TAX & FEE ADMINISTRATION,** | |
| Defendant. | |

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In particular, this action relates to California state taxes, and California law prohibits the disclosure of certain taxpayer information. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order, which is based on the Model Protective Order of the United States District Court for the

1

Northern District of California. The parties acknowledge that this Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it

affords from public disclosure and use extends only to the limited information or items

that are entitled to confidential treatment under the applicable legal principles. The

parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

Protective Order does not entitle them to file confidential information under seal; Civil

Local Rule 141 sets forth the procedures that must be followed and the standards that

will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under

Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel

(as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items

that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among

other things, testimony, transcripts, and tangible things), that are produced or generated

in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action.

House Counsel includes attorneys employed by the California Department of Tax and

2

Fee Administration and does not include Outside Counsel of Record, attorneys employed by the California Department of Justice, or any other outside counsel.

2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm or which has appeared on behalf of that party or with the California Department of Justice.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in

3

the public domain at the time of disclosure to a Receiving Party or becomes part of the

public domain after its disclosure to a Receiving Party as a result of publication not

involving a violation of this Order, including becoming part of the public record through

trial or otherwise; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the

Designating Party. Any use of Protected Material at trial shall be governed by a separate

agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed

by this Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs. Final disposition shall be deemed to be the later of

(1) dismissal of all claims and defenses in this action, with or without prejudice; and (2)

final judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews of this action, including the time limits for filing any motions or

applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the

appropriate standards. The Designating Party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify – so

that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that

are shown to be clearly unjustified or that have been made for an improper purpose

(e.g., to unnecessarily encumber or retard the case development process or to impose

unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

6

sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

Party must explain the basis for its belief that the confidentiality designation was not

proper and must give the Designating Party an opportunity to review the designated

material, to reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the chosen designation. A Challenging Party may proceed to the

next stage of the challenge process only if it has engaged in this meet and confer

process first or establishes that the Designating Party is unwilling to participate in the

meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall file and serve a motion to retain confidentiality

under Civil Local Rule 141.1 within 21 days of the initial notice of challenge or within

14 days of the parties agreeing that the meet and confer process will not resolve their

dispute, whichever is earlier. Each such motion must be accompanied by a competent

declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph. Failure by the Designating Party to

make such a motion including the required declaration within 21 days (or 14 days, if

applicable) shall automatically waive the confidentiality designation for each challenged

designation. In addition, the Challenging Party may file a motion challenging a

confidentiality designation at any time if there is good cause for doing so, including a

challenge to the designation of a deposition transcript or any portions thereof. Any

motion brought pursuant to this provision must be accompanied by a competent

declaration affirming that the movant has complied with the meet and confer

requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. Frivolous challenges, and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may

expose the Challenging Party to sanctions. Unless the Designating Party has waived the

confidentiality designation by failing to file a motion to retain confidentiality as described

7

1  above, all parties shall continue to afford the material in question the level of protection

2  to which it is entitled under the Producing Party's designation until the court rules on the

3  challenge.

4      7.   ACCESS TO AND USE OF PROTECTED MATERIAL

5      7.1   Basic Principles. A Receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a Non-Party in connection with this case

7  only for prosecuting, defending, or attempting to settle this litigation. Such Protected

8  Material may be disclosed only to the categories of persons and under the conditions

9  described in this Order. When the litigation has been terminated, a Receiving Party must

10  comply with the provisions of section 13 below (FINAL DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a

12  location and in a secure manner that ensures that access is limited to the persons

13  authorized under this Order.

14      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

15  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

16  may disclose any information or item designated "CONFIDENTIAL" only to:

17      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to

19  disclose the information for this litigation and who have signed the "Acknowledgment

20  and Agreement to Be Bound" that is attached hereto as Exhibit A;

21      (b)  the officers, directors, and employees (including House Counsel) of the

22  Receiving Party to whom disclosure is reasonably necessary for this litigation and who

23  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24      (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

25  reasonably necessary for this litigation and who have signed the "Acknowledgment and

26  Agreement to Be Bound" (Exhibit A);

27      (d)  the court and its personnel;

28

8

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

9

Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the

contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED    MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated

11

Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

1    materials contain Protected Material. Any such archival copies that contain or constitute

2    Protected Material remain subject to this Protective Order as set forth in Section 4

3    (DURATION).

4         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6                                              Respectfully submitted,

     Dated:  March 1, 2021                     XAVIER BECERRA
7                                              Attorney General of California
                                               MOLLY K. MOSLEY
8                                              Supervising Deputy Attorney General

9

10                                             By: /s/ Michael Sapoznikow
                                               MICHAEL SAPOZNIKOW
11                                             Deputy Attorney General

12                                             Attorneys for Defendant Nicolas
                                               Maduros, Director, California Department
13                                             of Tax and Fee Administration

14
     Dated: March 1, 2021                      Respectfully Submitted
15
                                               By: /s/ Aaron K. Block
16                                             AARON K. BLOCK
                                               The Block Firm
17                                             (as authorized via email on
                                                February 25, 2021)
18
                                               Attorney for Plaintiff
19                                             Online Merchants Guild

20

21                              **ORDER**

22        Pursuant to the parties' stipulation, IT IS SO ORDERED.

23        IT IS FURTHER ORDERED THAT:

24        1.  Requests to seal documents shall be made by motion before the same judge who will

25    decide the matter related to that request to seal.

26        2.  The designation of documents (including transcripts of testimony) as confidential

27    pursuant to this order does not automatically entitle the parties to file such a document with the

28    court under seal.  Parties are advised that any request to seal documents in this district is governed

                                         13

by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 1, 2021

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Northern District of California on

_____[date] in the case of Online Merchants Guild v. Maduros, Eastern

District of California Case No. 2:20-cv-01952-MCE-DB. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____