1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | ONLINE MERCHANTS GUILD,

No.  2:20-cv-01952-MCE-DB

12 |     Plaintiff,

13 |   v.

**MEMORANDUM AND ORDER**

14 | NICOLAS MADUROS, DIRECTOR,
CALIFORNIA DEPARTMENT OF TAX
15 | & FEE ADMINISTRATION,

16 |     Defendant.

17

18    Through this action, Online Merchants Guild ("Plaintiff") filed suit against Nicolas

19 Maduros, Director of the California Department of Tax & Fee Administration

20 ("Defendant") for violation of the: (1) Due Process Clause; (2) Interstate Commerce

21 Clause; (3) Due Process Clause; (4) Privileges and Immunities Clause; and Internet Tax

22 Freedom Act.  Presently before the Court are Defendant's Motion to Dismiss (ECF

23 No. 23) and Plaintiff's Motion for Preliminary Injunction (ECF No. 22).  For the following

24 reasons, this Motion is GRANTED with leave to amend and Plaintiff's Motion for

25 Preliminary Injunction is DENIED.[1]

26 ///

27

28

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**[2]

2

3        Plaintiff is a guild comprised of online merchants who participate in interstate

4    eCommerce, many of them through the use of Amazon.  Amazon's "Fulfilled by Amazon"

5    ("FBA") program provides for third-party merchants to source goods to be provided

6    through Amazon's own platform.  The merchants convey goods to Amazon for

7    warehousing.  If those goods are purchased from its store, Amazon then ships the

8    item(s) to the consumer.  The FBA program makes up the majority of Amazon's sales

9    and has purportedly enabled Amazon to "offer artificially low prices by avoiding collecting

10   sales tax."  ECF No. 1, ¶ 16.

11        This is because, despite Amazon's involvement, before 2019, California required

12   the individual retailers to collect sales tax from the consumer at the point of sale, which

13   was then passed on to the state.  The state of California also required out-of-state

14   merchants to register as state tax collection agents.[3]

15        Given the foregoing, Plaintiff initiated this action challenging Defendant's

16   assessment and collection of taxes from out-of-state guild members and its registration

17   requirements as unconstitutional.  Defendant contends this action is improperly before

18   the Court, however, under the Tax Inunction Act ("TIA").  The Court agrees.

19

20

**STANDARD**

21

22   **A.      Motion to Dismiss**

23        On a motion to dismiss for failure to state a claim under Federal Rule of Civil

24   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

25

26   ――――――――――――――――――――
     [2] Unless indicated otherwise, the following recitation of facts is taken, at times verbatim, from
     Plaintiff's Complaint, ECF No. 1.

27        [3] In 2019, California modified these rules when it passed the Marketplace Facilitators Act ("MFA")
     that requires facilitators, such as Amazon, to collect and remit sales and use tax themselves.  This suit
28   concerns only pre-2019 conduct.

1 construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins.</u>

2 <u>Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

3 statement of the claim showing that the pleader is entitled to relief' in order to 'give the

4 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell</u>

5 <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41,

6 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

7 detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

8 his entitlement to relief requires more than labels and conclusions, and a formulaic

9 recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations and

10 quotations omitted).  A court is not required to accept as true a "legal conclusion

11 couched as a factual allegation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

12 <u>Twombly</u>, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

13 above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright &

14 Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the

15 pleading must contain something more than "a statement of facts that merely creates a

16 suspicion [of] a legally cognizable right of action")).

17     Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

18 assertion, of entitlement to relief."  <u>Twombly</u>, 550 U.S. at 555 n.3 (internal citations and

19 quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

20 to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

21 the nature of the claim, but also 'grounds' on which the claim rests."  <u>Id.</u> (citing Wright &

22 Miller, <u>supra</u>, at 94, 95).  A pleading must contain "only enough facts to state a claim to

23 relief that is plausible on its face."  <u>Id.</u> at 570.  If the "plaintiffs . . . have not nudged their

24 claims across the line from conceivable to plausible, their complaint must be dismissed."

25 <u>Id.</u>  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

26 that actual proof of those facts is improbable, and 'that a recovery is very remote and

27 unlikely.'"  <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

28 ///

1    A court granting a motion to dismiss a complaint must then decide whether to

2  grant leave to amend.  Leave to amend should be "freely given" where there is no

3  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

4  to the opposing party by virtue of allowance of the amendment, [or] futility of the

5  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

6  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

7  be considered when deciding whether to grant leave to amend).  Not all of these factors

8  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

9  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

10  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

11  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

12  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

13  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

14  1989) ("Leave need not be granted where the amendment of the complaint . . .

15  constitutes an exercise in futility . . . .")).

16    **B.    Preliminary Injunction**

17    In ruling on a request for injunctive relief, the trial court considers the irreparable

18  injury to the moving party and the inadequacy of legal remedy for such injury.  See

19  Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).  When seeking a preliminary

20  injunction, a party must demonstrate either (1) a combination of probable success on the

21  merits and the possibility of irreparable injury if relief is not granted; or (2) the existence

22  of serious questions going to the merits combined with a balancing of hardships tipping

23  sharply in favor of the moving party.  Int'l Jensen, Inc. v. Metrosound U.S.A., 4 F.3d 819,

24  822 (9th Cir. 1993).  The standard for a permanent injunction is essentially the same as

25  for a preliminary injunction with the exception that the plaintiff must show actual success

26  on the merits rather than a mere likelihood of success.  See Amoco Prod. Co. v. Village

27  of Gambeel, 480 U.S. 531 (1987).  When actual success on the merits is shown,

28  however, the inquiry is over and a party is entitled to relief as a matter of law irrespective

1  of the amount of irreparable injury which may be shown.  Sierra Club v. Penfold,

2  857 F.2d 1307, 1318 n.16 (9th Cir. 1988).

3

4  **ANALYSIS**

5

6  **A.    Motion to Dismiss**

7       Plaintiff claims that Defendant violates federal law by: (1) continuing assessment

8  and collection of sales and use tax from the FBA merchants for pre-MFA transactions;

9  (2) exercising jurisdiction over all FBA merchants with California sales; and

10  (3) California's "pay-then-protest" tax refund process.  See generally ECF No. 1.

11  Defendant contends that the TIA bars the Court from hearing this matter because

12  California state court remedies exist.  Id. at 5-12.

13       Under the TIA "district courts shall not enjoin, suspend or restrain the

14  assessment, levy or collection of any tax under State law where a **plain, speedy, and**

15  **efficient remedy** may be had in the courts of such State."  28 U.S.C. § 1341 (emphasis

16  added); see also Rosewell v. La Salle Nat'l Bank, 450 U.S. 503 (1981); Dillon v.

17  Montana, 634 F.2d 463, 466 (quotation and citation omitted).  The TIA's primary purpose

18  is to prevent federal courts from interfering with state tax assessment and collection,

19  which is a power reserved for the states.  Jerron West, Inc. v. State Cal. State Bd. of

20  Equalization, 129 F.3d 1334, 1338 (9th Cir. 1997).  As pled, Plaintiff's claims are clearly

21  barred here.[4]  Accordingly, because this Court lacks the jurisdiction to adjudicate these

22  claims, Defendant's Motion to Dismiss is GRANTED with leave to amend.[5]

23

24       [4] Plaintiff's claims do not fall within the exception to the TIA for "information gathering" activity, such as notice and reporting requirements, that **precede** assessment, levy, or collection are not

25  jurisdictionally barred by the TIA.  Direct Mktg. Ass'n v. , 575 U.S. at 8, 11 (emphasis added).  Nor does the Internet Tax Freedom Act create an exemption to the TIA.  See California v. Grace Brethren Church,

26  4571 U.S. 393, 415 (1982); Hyatt v. Yee, 871 F.3d 1067, 1070 (9th Cir. 2017).

27       [5] This Court also agrees that it should abstain from addressing this matter under the long-held doctrine of comity because adjudicating this case may disrupt administration of California's tax system.

28  ECF No. 23 at 12-15; see Burford v. Sun Oil Co., 319 U.S. 315 (1943).  However, because the federal court lacks jurisdiction to hear this suit under the TIA, this Court declines to discuss the doctrine further.

**B.      Preliminary Injunction**

For the same reasons as Defendant's Motion to Dismiss, Plaintiff's Motion for Preliminary injunction fails because there is no likelihood of success on the merits. Accordingly, Plaintiff's Motion is DENIED.

**CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss (ECF No. 23) is GRANTED with leave to amend and Plaintiff's Motion for Preliminary Injunction (ECF No. 22) is DENIED.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  October 13, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE